[Civ. No. 12269. Second Appellate District, Division Two.—March 25, 1940.]

MARK B. WHITE, Respondent, v. ORRIN A. WHITE, Appellant.

164

Arthur J. Mullen, Raymond Tremaine and Franklin L. Knox, Jr., for Appellant.

T. W. Ward and Brooks Gifford for Respondent.

McCOMB, J.—This is a motion by respondent to strike from the clerk's transcript on appeal the engrossed bill of exceptions and for such other and further relief as to this court may seem just and equitable, on the grounds (1) that the transcript was not certified by the trial judge within ten days after the bill of exceptions had been settled, and (2) that the engrossed transcript omits testimony which the trial judge at the time of the settlement of the bill of excepions ordered included in the engrossed bill of exceptions.

The essential facts are:

March 4, 1939, appellant filed a notice of appeal from a judgment theretofore entered in favor of respondent. Thereafter appellant obtained an extension of time for the filing of a proposed bill of exceptions, which was filed within the time as extended. The trial court set March 29, 1939, as the date for settling the objections to the proposed bill of exceptions and settling the same. At the appointed time the trial judge settled the proposed bill of exceptions. April 6, 1939, there was delivered to the trial judge the engrossed bill of exceptions. This the trial judge did not check himself but left to his clerk for checking, who in doing so failed to notice that the following testimony which the trial judge had ordered included in the engrossed bill of exceptions had been omitted:

(1) Line 23, page two, engrossed bill of exceptions:

"1. Additional testimony of Orrin A. White:

" 'That the said Orrin A. White further testified that the said note had never been paid and/or that the sum of $2,-

000.00 had never been repaid to the plaintiff. That the sum of $2,000.00 as evidenced by said note was received by him and used in the construction of the dwelling house now owned and occupied by him. That immediately upon the receipt of the sum of $2,000.00 from Mark B. White, he sent the note referred to in the pleadings to the said Orrin A. White.' ''

(2) Line 14, page three, engrossed bill of exceptions:

''2. Additional testimony of Mark B. White:

'' 'That said witness further testified defendant requested in writing, a loan of $2,000.00 and that he replied to defendant agreeing to loan him the said sum of $2,000.00 and stated to him in a letter that he had some 15 year Gold Bonds with ten years left to run and that in order to make the loan he would have to cash those Gold Bonds and that he would use the proceeds thereof to loan the $2,000.00 to the defendant but that he would require a note from the defendant on the same terms and for the same length of time as existed in relation to the Gold Bonds referred to, which said Gold Bonds the note of defendant would have to replace. That pursuant to this letter the sum of $2,000.00 was sent by plaintiff to defendant, which said sum was obtained from the sale of the Gold Bonds and the defendant, in return, sent to plaintiff a note with the due date left blank and stated in an accompanying letter that said note would have to run for a long time as suggested by plaintiff and that he, defendant, would not be able to pay for at least ten years. That he, plaintiff, paid the said sum of $2,000.00 to defendant as consideration for said note.

'' 'That plaintiff found it necessary to institute suit to enforce the payment of the note and retained T. W. Ward, as his attorney, for that purpose. That suit was instituted and that he incurred attorney's fees for the institution and prosecution of said suit and that under the terms of the note defendant promised to pay ten per cent of the amount due at the time suit was instituted as and for attorney's fees.' ''

(3) Line 9, page nine, engrossed bill of exceptions:

''3. Portion of Deposition of Mark B. White:

'' 'Q. Do you know when the two words here ''10 years'' were written on this note?

'' 'A. Yes; certainly.

'' 'Q. Well, when were those words written on this note?

'' 'A. I believe it was last March. I am not sure, but approximately last March.

" 'Q. You mean by last March, March of 1938?

" 'A. March of 1938.

" 'Q. And do you know who wrote those words "10 years" on that note last March?

" 'Yes, I do.

" 'Q. Who did, Mr. White?

" 'A. I did.

" 'Q. I see. Did you have any instruction from your brother, Mr. Orrin A. White, to write those words "10 years" in on that note at that time?

" 'A. No, sir.' "

April 12, 1939, without checking the proposed bill of exceptions himself the trial judge certified the same to be correct and ordered the document to be filed.

■ (1) There is no merit in respondent's contention that the proposed bill of exceptions should be stricken, for the reason that it was not signed and filed within ten days after the same had been settled. Section 650 of the Code of Civil Procedure provides that the proposed bill of exceptions must be engrossed ånd *presented* to the trial judge within ten days after the same has been settled. There is no provision that an engrossed bill of exceptions shall be signed within ten days after the same has been settled. In the instant case the proposed bill of exceptions was presented to the trial judge within 10 days after it had been settled. Hence, the motion to strike must be denied.

■ (2) Since it has been made to appear to this court by the affidavit of the trial judge that the testimony heretofore set forth was inadvertently omitted from the engrossed bill of exceptions, it is hereby ordered that such testimony be included in the engrossed bill of exceptions at the pages and lines of the engrossed bill of exceptions above indicated.

Moore, P. J., and Wood, J., concurred.